UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
PROFESSIONAL FIGHTERS LEAGUE, LLC,   Docket No.: 24 CV 08121

                     Plaintiff,   **ANSWER AND COUNTER-CLAIM WITH JURY DEMAND**

    -against-

MILLIONS.CO INC.,

                     Defendant.
-------------------------------------------------------------------X

      Defendant, MILLIONS.CO, INC., as and for its Answer and Counter-Claim, respectfully sets forth as follows, upon information and belief:

## PARTIES

      1.     Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the Complaint.

      2.     Admit the allegations set forth in paragraph "2" of the Complaint.

## JURISDICTION AND VENUE

      3.     Admit the allegations set forth in paragraph "3" of the Complaint and refer all questions of law to this Honorable Court.

      4.     Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Complaint.

      5.     Admit the allegations set forth in paragraph "5" of the Complaint and refer all questions of law to this Honorable Court.

      6.     Admit the allegations set forth in paragraph "6" of the Complaint and refer all questions of law to this Honorable Court.

7.      Deny the allegations set forth in paragraph "7" of the Complaint and refer all questions of law to this Honorable Court.

8.      Deny the allegations set forth in paragraph "8" of the Complaint and refer all questions of law to this Honorable Court, but admit that the parties contracted to a choice of law provision to litigate any issue that arises under the agreement in the state or federal courts of New York, and under New York law.

## FACTUAL BACKGROUND

9.      Admit that the parties executed a Sponsorship Agreement on or about March 22, 2022, and the Court is referred to the contents of that agreement for the specific terms of the agreement, and the remainder of the allegations set forth in paragraph "9" of the Complaint are denied as phrased.

10.     Admit that the parties executed a Sponsorship Agreement on or about March 22, 2022, and the Court is referred to the contents of that agreement for the specific terms of the agreement, and the remainder of the allegations set forth in paragraph "10" of the Complaint are denied as phrased.

11.     Admit that the parties executed a Sponsorship Agreement on or about March 22, 2022, and the Court is referred to the contents of that agreement for the specific terms of the agreement, and the remainder of the allegations set forth in paragraph "11" of the Complaint are denied as phrased.

12.     Admit that Defendant paid Plaintiff the first $50,000. Admit that Defendant did not make subsequent payments due to Plaintiff's breach of the Sponsorship Agreement.

13.     Deny the allegations set forth in paragraph "13" of the Complaint and refer all questions of law to this Honorable Court.

## AS AND FOR AN ANSWER TO THE FIRST COUNT
### (Breach Of Contract)

14. Answering paragraph "14" of the Complaint, defendant repeats, reiterates, and realleges each and every response to the paragraphs numbered "1" through "13" inclusive, with the same force and effect as if the same were set forth at length herein.

15. Deny the allegations set forth in paragraph "15" of the Complaint and refer all questions of law to this Honorable Court.

16. Deny the allegations set forth in paragraph "16" of the Complaint and refer all questions of law to this Honorable Court.

17. Deny the allegations set forth in paragraph "17" of the Complaint and refer all questions of law to this Honorable Court.

18. Deny the allegations set forth in paragraph "18" of the Complaint and refer all questions of law to this Honorable Court.

## STATEMENT OF AFFIRMATIVE AND OTHER DEFENSES

19. Defendant asserts the following affirmative and other defenses without assuming any burden of production or proof that Defendant would not otherwise have.

## AS AND FOR A FIRST AFFIRMATVE DEFENSE

20. Plaintiffs Amended Complaint fails, in whole or in part, to state a claim upon which relief can be granted or for which the damages sought can be awarded against Defendants.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

21. Plaintiff's claims against Defendants are barred, in whole or in part, because Plaintiff failed to perform essential obligations under the contract, excusing Defendant's performance and the Contract was void.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

22. Plaintiff's claims for damages are barred, in whole or in part, because Plaintiff failed to mitigate its alleged damages, if any.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

23. Plaintiff's claims are barred, in whole or in part, by equitable principles, including but not limited to, waiver, estoppel, settlement, consent, laches, unclean hands, and/or the election of remedies doctrine.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

24. Plaintiff's claims are barred, in whole or in part, for failure of consideration.

### AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE

25. Plaintiff's claims are barred, in whole or in part, by the after-acquired evidence doctrine.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

26. Plaintiff's claims are barred, in whole or in part, due to Plaintiff's failure to satisfy contractual conditions precedent to any obligations applicable to Defendants.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

27. Plaintiff's Complaint fails to state a claim upon which either pre-judgment or post-judgment interest.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

28. Plaintiff's claims are barred, in whole or in part, because actions taken by Defendant with respect to Plaintiff, if any, were undertaken in good faith and for legitimate business reasons.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

29.     Plaintiff's claims are barred, in whole or in part, because Plaintiff knowingly submitted to and acquiesced in the actions alleged in Plaintiff's Complaint

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

30.     Plaintiff's claims are barred, in whole or in part, because such claims have been waived, released, discharged and/or abandoned.

## GENERAL DENIAL AND RESERVATION OF RIGHTS

31.     Defendant denies all claims and allegations not unequivocally admitted herein and reserves the right to plead additional separate, affirmative and other defenses which may be ascertained during the course of this action or otherwise.

## AS AND FOR A COUNTER-CLAIM AGAINST PLAINTIFF

32.     Millions.co, Inc. ("Counter-Claimant"), by and through their undersigned counsel, respectfully alleges the following facts and claims for breach of contract against Professional Fighters League, LLC ("Counter-Defendant").

33.     On or about March 22, 2022, the Counter-Claimant and the Counter-Defendant entered into a Sponsorship Agreement (the "Agreement") that included the following objectives:

   a. Establish Millions.co as the first-ever strategic watch party partner of the PFL;

   b. Build Millions.co brand exposure in the US (and, as applicable, 160+ countries globally);

   c. Provide integrated media assets across multiple channels over time (anchored in social, digital and PR in Year 1, and expanding to broadcast, media and event promotions in Years 2 and 3) designed to drive business objectives and registered users of the Millions.co platform;

      d. Onboard PFL athletes to Millions.co watch party and e-commerce platform;

      e. Utilize year-round content and story-telling to drive education/usage;

      f. Solidify cross-sport promotion opportunities (e.g., NFL alumni hosting PFL-focused watch parties, etc.);

34. Pursuant to those objectives, PFL agreed to perform multiple deliverables under the contract, including but not limited to the following:

> **2. TRADEMARK RIGHTS & OFFICIAL DESIGNATIONS**
>
>     **a.** Official Designations:
>         i. "Official Watch Party of the PFL"
>         ii. "Official Partner of the PFL"
>         iii. Other mutually agreed upon designations
>
>     **b.** All uses of PFL branding by MILLIONS shall be in accordance with PFL brand and style guidelines and subject to PFL prior approval (email sufficing).
>
> **3. WATCH PARTY INTEGRATIONS INTO PFL EVENTS**
>
>     **a.** The PFL will work with Millions.co to integrate watch parties into various PFL events (e.g., regular season, playoffs, championship, Challenger Series, Combine, etc.)
>
> **4. SPONSORSHIP RIGHTS AND BENEFITS for PFL CHAMPIONSHIPS**
>
>     **a. PFL DIGITAL & SOCIAL CHANNELS**
>
>         i. Millions.co will be featured and tagged in a variety of social media posts as an official sponsor, including one (1) paid social post on PFL social channels promoting MC during each event week (during each regular season, playoffs and championship) throughout the Term
>
>         ii. The PFL will outline a mutually agreed upon schedule of posts, which can include items such as:
>
>             1. Watch-Party-Focused Tune-In Bumper (pre-fight highlight content) (Posted by PFL, and delivered to Fighters to post)
>
>             2. Watch-Party-Focused "Live Now" Video Bumpers (During Event) (ex. Walkouts, Introductions, Glove Taps, KO's, Finishes, Decisions, etc.)

> 3. Additional assets
>
> iii. During each PFL season, the PFL will also send out two (2) MC-sponsored email blasts to PFL's registered email user base
>
> iv. During each PFL season, Millions.co will receive on-going digital media assets during each PFL Season, to include:
>
>   1. ROS banners across PFLmma.com
>   2. Logo placement within sponsor section on www.PFLMMA.com
>   3. Additional items to be mutually agreed upon by the Parties
>
> b. **BRAND AMBASSADOR.** In Year 2 and Year 3 of the partnership, the PFL will provide one (1) mutually agreed upon PFL fighter or personality as a brand ambassador for Millions.co. The responsibilities of the brand ambassador will be defined, and can include press announcement availability, social media support, consumer-facing programs (promotions, sweepstakes, etc.), and charitable initiatives (as mutually agreed upon by the Parties).
>
> c. **BROADCAST ASSETS & MEDIA (Year 1 Year 2 and Year 3)**
>
> **Year 1:**
>
> 1. **Organic Mentions:** For mutually beneficial promotion - when possible and appropriate broadcast team to be briefed and to provide organic mentions of the Watchparties happening. Example: "Watch along with your favorite MMA / Sports personalities" on our official Watchparty partner MILLIONS.co in association with PFL.
>
> 2. **Sponsored Events:** Where sponsored events exist PFL, where possible to promote the event organically on the broadcast to the mutual benefit of PFL, the sponsor and MILLIONS.co
>
> **Year 2-3**
>
>   i. In-Broadcast Assets
>
>     1. One (1) x :30 commercial unit during the main card on ESPN or ESPN2 scheduled to air from 8 pm to midnight ET
>       a. Millions.co to provide creative assets
>
>     2. One (1) show teaser in the prelim show on ESPN+ scheduled to air from 4:30 pm - 8pm ET ("ESPN+")
>
>   ii. In-Venue TV-Visible Brand Integration
>
>     1. LED signage promotion during main card
>     2. One (1) Millions.co logo placement in LED rotation during select PFL events

35. The Counter-Defendant breached the Agreement by performing virtually none of these deliverables.

36. As a direct result of the Counter-Defendant's breach, the Counter-Claimant has suffered compensatory damages, including but not limited to the $50,000 it paid to Counter-Defendant.

7

## **DEMAND FOR A JURY TRIAL**

37. Defendant/Counter-Claimant, Millions.co, Inc., demands a trial by jury as to any and all issues raised in the Complaint and this Answer and Counter-Claim which are triable before a jury.

**WHEREFORE**, the Defendant and Counter-Claimant MILLIONS.CO, INC. respectfully requests that the Court:

1. Dismiss the Plaintiff's Complaint in its entirety, or in the alternative, grant judgment in favor of the Defendant on all claims brought by the Plaintiff;

2. Award the Counter-Claimant damages sustained due to the breach of contract; including, but not limited to, compensatory damages, financial losses, attorney's fees, pre and post-judgment interest, and any other costs incurred as a result of the Counter-Defendant's breach; and

3. Grant any other relief the Court deems just and proper.

Dated: White Plains, New York
April 4, 2025

        Respectfully submitted,

        **SILVERMAN & ASSOCIATES**

BY: _____
        Lewis R. Silverman
        Attorneys for Defendant and Counter-Claimant,
        MILLIONS.CO, INC.
        445 Hamilton Avenue, Suite 1102
        White Plains, NY 10601
        (914) 574-4510

To:    Abrams Fensterman, LLP
       Attorneys for Plaintiff,
       PROFESSIONAL FIGHTERS LEAGUE, LLC
       3 Dakota Drive, Suite 300
       Lake Success, New York 11042
       (516) 328-2300
       Attention:    Alex Liebson, Esq